IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| KENNETH JEROME GATES #2216891 | § | |
| | § | |
| V. | § | A-18-CA-984-LY |
| | § | |
| THE DIRECTOR BOARD OF PARDONS | § | |
| AND PAROLE, BOARD OF PARDONS | § | |
| AND PAROLE DISCHARGES, and | § | |
| J. COUBURN | § | |

REPORT AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE

TO: THE HONORABLE LEE YEAKEL
UNITED STATES DISTRICT JUDGE

The Magistrate Judge submits this Report and Recommendation to the District Court pursuant to 28 U.S.C. §636(b) and Rule 1(f) of Appendix C of the Local Court Rules of the United States District Court for the Western District of Texas, Local Rules for the Assignment of Duties to United States Magistrates Judges.

Before the Court is Plaintiff's complaint. Plaintiff, proceeding pro se, has been granted leave to proceed in forma pauperis.

STATEMENT OF THE CASE

At the time he filed his complaint pursuant to 42 U.S.C. § 1983, Plaintiff was confined in the Pack I Unit of the Texas Department of Criminal Justice - Correctional Institutions Division. Plaintiff alleges his due process rights were violated when he was treated as technical parole violator when he was sent to prison.

1

Although Plaintiff's complaint is not clear, it appears he was on parole for burglary of a habitation he committed on October 23, 1988, when he committed a new offense of credit or debit card abuse. Plaintiff committed credit or debit card abuse on March 12, 2018. Plaintiff alleges he pleaded guilty to the credit or debit card abuse pursuant to a plea bargain agreement wherein he agreed to a four-year sentence. The trial court sentenced Plaintiff on August 20, 2018, and awarded him 153 days of jail time credit. According to Plaintiff, his four-year sentence was supposed to run concurrently with his 35-year sentence for burglary of habitation. Plaintiff believed his original TDCJ number of 518458 would be used to identify him when he returned to prison. Instead, Plaintiff was given a new TDCJ number and Plaintiff asserts his parole eligibility date and his maximum sentence date were made the same – March 20, 2022. In doing so, Plaintiff contends the Parole Board made his four-year sentence "aggravated."

Plaintiff sues the Director of the Board of Pardons and Paroles, the Board of Pardons and Paroles "Discharges," and Institutional Parole Officer J. Couburn. Plaintiff seeks his immediate release, $100,000 for wrongful imprisonment, and $200,000 for punitive damages.

## DISCUSSION AND ANALYSIS

A.  Standard Under 28 U.S.C. § 1915(e)

An in forma pauperis proceeding may be dismissed sua sponte under 28 U.S.C. § 1915(e) if the court determines the complaint is frivolous, malicious, fails to state a claim upon which relief may be granted or seeks monetary relief against a defendant who is immune from suit. A dismissal for frivolousness or maliciousness may occur at any time, before or after service of process and before or after the defendant's answer. Green v. McKaskle, 788 F.2d 1116, 1119 (5th Cir. 1986).

When reviewing a plaintiff's complaint, the court must construe plaintiff's allegations as liberally as possible. Haines v. Kerner, 404 U.S. 519 (1972). However, the petitioner's pro se status does not offer him "an impenetrable shield, for one acting pro se has no license to harass others, clog the judicial machinery with meritless litigation and abuse already overloaded court dockets." Farguson v. MBank Houston, N.A., 808 F.2d 358, 359 (5th Cir. 1986).

B. Eleventh Amendment Immunity

Pursuant to the Eleventh Amendment, federal courts are without jurisdiction over suits against a state agency unless that state has waived its sovereign immunity or Congress has clearly abrogated it. Moore v. La. Bd. of Elementary and Secondary Educ., 743 F.3d 959, 963 (5th Cir. 2014). The Texas Board of Pardons and Paroles Discharges is immune under the Eleventh Amendment from Plaintiff's suit. See Talib v. Gulley, 138 F.3d 211, 213 (5th Cir. 1998); Littles v. Bd. of Pardons & Paroles Div., 68 F.3d 122, 123 (5th Cir. 1995).

Being sued in their official capacities for monetary damages, Defendants the Director and J. Couburn are immune from suit under the Eleventh Amendment because such an action is the same as a suit against the sovereign. Pennhurst State School Hosp. v. Halderman, 465 U.S. 89 (1984). The Eleventh Amendment generally divests federal courts of jurisdiction to entertain suits directed against states. Port Auth. Trans-Hudson v. Feeney, 495 U.S. 299, 304 (1990). The Eleventh Amendment may not be evaded by suing state agencies or state employees in their official capacity because such an indirect pleading remains in essence a claim upon the state treasury. Green v. State Bar of Texas, 27 F.3d 1083, 1087 (5th Cir. 1994).

C.  Heck v. Humphrey

Insofar as Plaintiff is seeking monetary damages against Defendants in their individual capacities for his alleged illegal confinement, Plaintiff's claims must be dismissed pursuant to Heck v. Humphrey, 512 U.S. 477, 486-87 (1994) and the Fifth Circuit's application of Heck to state prisoner § 1983 lawsuits in Boyd v. Biggers, 31 F.3d 279 (5th Cir. 1994). In Heck, the Supreme Court held:

> [I]n order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus.

In this case Plaintiff does not allege that his convictions have been reversed, expunged, invalidated, or called into question by a federal court's issuance of writ of habeas corpus. Plaintiff's recitation of the procedural history in this case indicates just the opposite. Accordingly, Plaintiff's claims for monetary damages regarding his alleged illegal confinement should be dismissed without prejudice to refile once the conditions of Heck are met.

D.  Habeas Claims

To the extent Plaintiff seeks his immediate release, he must seek such relief in an application for habeas corpus relief after he has exhausted his state court remedies. The exclusive remedy for a prisoner who challenges the fact or duration of his confinement and seeks immediate or speedier release is habeas corpus relief. Preiser v. Rodriguez, 411 U.S. 475, 488-490 (1973). The Court should not construe this action as a request for habeas corpus relief. If Plaintiff did not intend for this action to be an application for habeas corpus relief pursuant to 28 U.S.C. § 2254, any

4

subsequently filed applications could be subject to the restrictions on "second or successive" motions. See e.g. Castro v. United States, 540 U.S. 375 (2003). Additionally, Plaintiff makes no allegations suggesting he has exhausted his state court remedies.

Finally, Plaintiff appears to be misinformed. Papers attached to Plaintiff's complaint indicate his parole for his burglary conviction has not yet been revoked and he is currently serving his four-year sentence for credit or debit card abuse. Contrary to his assertion, his parole eligibility date is listed as September 4, 2018, and his maximum sentence date is listed as March 20, 2022. See Texas Department of Criminal Justice Offender Information Details, https://offender.tdcj.texas.gov/OffenderSearch/offenderDetail.action?sid=04214263 (last visited November 19, 2018). These dates appear to be based solely on his four-year sentence. Plaintiff's parole revocation hearing for his burglary conviction and 35-year sentence is currently scheduled for November 28, 2018, at 10 a.m.

## RECOMMENDATION

Plaintiff's complaint is frivolous pursuant to 28 U.S.C. § 1915(e). It is therefore recommended that Plaintiff's claims for monetary damages against the Board of Pardons and Parole Discharges and the individually named defendants in their official capacities be dismissed without prejudice for want of jurisdiction. It is further recommended that Plaintiff's claims for monetary damages against the individually named defendants in their individual capacities be dismissed without prejudice to refile once the conditions of Heck are met. It is finally recommended that Plaintiff's request for an immediate release be dismissed without prejudice to filing an application for habeas corpus relief after he has exhausted his state court remedies.

5

It is further recommended that the Court include within its judgment a provision expressly and specifically warning Plaintiff that filing or pursuing any further frivolous lawsuits may result in (a) the imposition of court costs pursuant to Section 1915(f); (b) the imposition of significant monetary sanctions pursuant to Fed. R. Civ. P. 11; (c) the imposition of an order barring Plaintiff from filing any lawsuits in this Court without first obtaining the permission from a District Judge of this Court or a Circuit Judge of the Fifth Circuit; or (d) the imposition of an order imposing some combination of these sanctions.

It is further recommended that Plaintiff should be warned that for causes of action which accrue after June 8, 1995, the Texas Department of Criminal Justice, upon receipt of a final order of a state or federal court that dismisses as frivolous or malicious a lawsuit brought by an inmate while the inmate was in the custody of the Department or confined in county jail awaiting transfer to the Department following conviction of a felony or revocation of community supervision, parole, or mandatory supervision, is authorized to forfeit (1) 60 days of an inmate's accrued good conduct time, if the Department has previously received one final order; (2) 120 days of an inmate's accrued good conduct time, if the Department has previously received two final orders; or (3) 180 days of an inmate's accrued good conduct time, if the Department has previously received three or more final orders. See, TEX. GOV'T CODE ANN. § 498.0045 (Vernon 1998).

It is further recommended that Plaintiff be warned that if Plaintiff files more than three actions or appeals while he is a prisoner which are dismissed as frivolous or malicious or for failure to state a claim on which relief may be granted, then he will be prohibited from bringing any other actions in forma pauperis unless he is in imminent danger of serious physical injury. See 28 U.S.C. § 1915(g).

In the event this Report and Recommendation is accepted, adopted or approved, it is recommended that the Court direct the Clerk to e-mail a copy of its order and judgment to the keeper of the three-strikes list.

## OBJECTIONS

Within 14 days after receipt of the magistrate judge's report, any party may serve and file written objections to the findings and recommendations of the magistrate judge. 28 U.S.C. § 636 (b)(1)(C). Failure to file written objections to the proposed findings and recommendations contained within this report within 14 days after service shall bar an aggrieved party from de novo review by the district court of the proposed findings and recommendations and from appellate review of factual findings accepted or adopted by the district court except on grounds of plain error or manifest injustice. Douglass v. United Servs. Auto. Assoc., 79 F.3d 1415 (5th Cir. 1996)(en banc); Thomas v. Arn, 474 U.S. 140, 148 (1985); Rodriguez v. Bowen, 857 F.2d 275, 276-277 (5th Cir. 1988).

**SIGNED** on November 19, 2018.

_____
MARK LANE
UNITED STATES MAGISTRATE JUDGE